UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560

FAX (605) 224-9020

October 27, 2005

Forrest C. Allred,
Chapter 7 Trustee
14 Second Avenue Southeast, Suite B
Aberdeen, South Dakota  57401

Thomas M. Tobin, Esq.
Counsel for Debtor
Post Office Box 1456
Aberdeen, South Dakota  57402-1456

       Subject:  *In re Tomelyn L. Taylor*,
                Chapter 7, Bankr. No. 05-10120

Dear Trustee and Counsel:

    The matter before the Court is the Motion for Turnover filed by Trustee Forrest C. Allred and Debtor's objection thereto. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision shall constitute the Court's interim findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, the Motion will be granted, subject to additional findings.

    *Summary*. Tomelyn L. Taylor ("Debtor") filed a Chapter 7 petition in bankruptcy on April 18, 2005. She scheduled numerous items of personal personalty, including a 2001 Nissan Xterra that she said she and her sister owned and a Wells Fargo bank account that Debtor says was owned by her and her mother.

    On July 14, 2005, Trustee Allred filed a Motion for Turnover. He sought from Debtor $7,943.78 for the value of property in excess of the amounts declared exempt and for some non exempt wages. On July 26, 2005, Debtor filed an objection discounting her interest in the Nissan and the Wells Fargo bank account:

> It is debtor's position that her sister provided 100% of the money for the purchase of the vehicle and the agreement was that debtor would make the payments on said vehicle and would pay her sister back. Her sister put her name on the title of the vehicle as a co-owner and therefore her sister's legal interest in said vehicle is

equal to the amount of money that is still unpaid in the debt, which does not exceed. Therefore debtor's interest does not exceed the $1,500.00 as was identified in the schedules exemptions. As to the Wells Fargo bank account debtor did not and does not claim any interest in said bank account as said bank account was created by her Mother and her Mother put debtor's name on said bank account and debtor has not contributed any amount in said bank account and is not entitled to said amount in said bank account.

At a hearing on August 9, 2005, the parties advised the Court they would submit the matter on stipulated facts and briefs. In addition to the facts stated above, the parties stipulated Debtor's sister, Kristina Taylor, had paid Debtor $2,500 between March 2, 2001, and November 2, 2002; Kristina Taylor had paid Nissan Motor Acceptance $430.95 on June 2, 2002, and $7,180.92 on March 12, 2005; and Debtor has sole possession, use, and control of the vehicle, which they valued at $13,325.00. The parties further agreed Debtor and her sister's name are on the car title and there is no other ownership notation. The parties also stipulated that Debtor "alleges" Debtor did not contribute any funds to the joint tenancy bank account with her mother, Diane Taylor. In other words, the parties did not stipulate Debtor had not made any deposits into the account.

In his brief, Trustee Allred contended there is no evidence the money Krista Taylor gave Debtor between March 2, 2001, and November 2, 2002, was used by Debtor to make car payments. While he conceded Krista Taylor may have an unsecured claim against Debtor for these funds, he argued the transfers did not create equity for Krista Taylor in the Nissan. As to the Wells Fargo account, Trustee Allred argued Debtor had not produced any evidence her mother had made all deposits into the account and, relying on *Wagner v. Wagner*, 163 N.W.2d 339 (S.D. 1968), he argued that in the absence of clear and convincing language there is a presumption the depositor intended the ususal incidents of jointly held property when a joint account is created.

In her brief, Debtor argued that since Debtor's sister had made payments totaling $10,111.87 toward the Nissan, her ownership interest equaled those contributions, thus leaving the bankruptcy estate's interest at $3,213.13. As to the Wells Fargo account, Debtor argued S.D.C.L. § 29A-6-103 provides that a joint account is owned in proportion to the net contributions by each account holder. Thus, she concluded Debtor did not own any money in the Wells Fargo joint account because she had not made any deposits.

Debtor offered no case law in support of her positions.

*Discussion.* The Trustee has allowed Debtor the full exemptions she claimed. Thus, the Court is presented only with property of the estate issues regarding two items of personalty: Debtor's interest in the Nissan that is titled in her and her sister's name and Debtor's interest in the Wells Fargo bank account that is held jointly with her mother.

The bankruptcy estate's interest in the joint account is most easily answered. Section 29A-6-103(1) provides:

> A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contribution by each to the sums on deposit, unless there is clear and convincing evidence of a different intent.

Further, § 29A-6-102 provides:

> The provisions of §§ 29A-6-103 to 29A-6-105, inclusive, concerning beneficial ownership as between parties, or as between parties and P.O.D. payees or beneficiaries of multiple-party accounts, are relevant only to controversies between these persons and their creditors and other successors, and have no bearing on the power of withdrawal of these persons as determined by the terms of account contracts. The provisions of §§ 29A-6-108 to 29A-6-112, inclusive, govern the liability of financial institutions which make payments pursuant thereto, and their setoff rights.

*See also* S.D.C.L. § 29A-1-102 (in addition to probate matters, Title 29A also applies to multiple-party accounts and other nonprobate transfers).

Debtor claims her mother made all the deposits related to the amount on deposit on the petition date. If that is true, these statutes provide that as between the two account holders -- now the bankruptcy estate and Debtor's mother -- Debtor's mother owns the deposited funds. Debtor, however, has not offered the necessary evidence to support her contention that her mother made all the deposits, and Trustee Allred has not stipulated to Debtor's contention. Accordingly, Trustee Allred's turnover motion as to the Wells Fargo bank account will be granted unless within 30 days Debtor can provide to Trustee Allred (or the Court if a dispute remains) satisfactory evidence of the claimed deposits.

In re Taylor
October 27, 2005
Page 4

Section 51A-10-3 does not alter this result. That statute was enacted primarily to protect depository banks, and it constituted legislative approval and recognition of joint bank accounts. *Wagner v. Wagner*, 163 N.W.2d 339, 342-43 (S.D. 1969)(citing and qualifying *Barbour v. First Citizens National Bank of Watertown*, 86 N.W.2d 526 (S.D. 1957), and discussing S.D.C. 1960 Supp. 6.0414, which is now codified at S.D.C.L. § 51A-10-3). Moreover, *Wagner* focused on what rights a survivor to a joint account holder had in a bank account. *Wagner*, 163 N.W.2d at 339-342. Section 29A-6-103(1), in contrast, deals directly with the rights of joint account holders while both are living.

Neither the parties nor the Court was able to identify any particular statute that specifically governs the joint ownership of automobiles. We must, therefore, consider several statutes.

Section 32-3-11 of the South Dakota Code provides, in pertinent part, that a motor vehicle title "shall be evidence or indicia of ownership . . . ." Section 43-2-14 indicates a transfer of personal property to two or more grantees "which, by the method of describing such grantees or by the language of the habendum clause therein envices an intent to create a joint tenancy in grantees shall be held and construed to create such joint tenancy." Sections 43-2-16 and 43-2-17 provide that an interest in common is created among joint owners if there is no partnership or joint tenancy created.

In interpreting §§ 43-2-16 and 43-2-17, the South Dakota Supreme Court has held that if the ownership documentation does indicate the proportionate interest of each tenant, the law presumes they took equal shares. *Cudmore v. Cudmore*, 311 N.W.2d 47, 49 (S.D. 1981). Further,

> [t]his presumption is rebuttable ... by a showing of unequal contribution. Such a showing raises a new presumption that the grantees intended to share in proportion to their contribution. *Schroeder v. Todd*, 249 Iowa 139, 86 N.W.2d 101 (1957); *Williams v. Monzingo*, 235 Iowa 434, 16 N.W.2d 619 (1944).
>
> In order to overcome the presumption of equal interests, evidence of a clear and convincing nature must be presented.

*Cudmore*, 311 N.W.2d at 49.

In re Taylor
October 27, 2005
Page 5


    We do not have in the record a copy of the Nissan's title, though the parties have stipulated only Debtor and her sister's name are listed and nothing more. Accordingly, the Court can only conclude the parties are tenants in common with equal ownership.

    If Debtor or her sister wants to prove something other than equal ownership, they must do so with clear and convincing evidence. Moreover, even assuming Debtor's sister may have contributed a total of $10,111.87 toward the vehicle, that does not mean that Debtor's sister's ownership interest in the Nissan is $10,111.87 of the agreed present value of $13,325.00. Instead, Debtor or her sister will need to establish the value of Debtor's payments for the vehicle and what the original purchase price (plus interest) was. Then each owner's contributions can be compared to the vehicle's total cost.

    No order will be entered at this time. If an agreed order is not submitted in 30 days, the Court will hold a status conference with counsel.

                                   Sincerely,

                                   Irvin N. Hoyt
                                 Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

I hereby certify that a copy of this document was mailed, hand delivered, or faxed this date to the parties on the attached service list.

OCT 27 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

OCT 27 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

```
Allred Forrest C.                    Gering Bruce J.
14 Second Ave SE Ste B               Office of the U.S. Trustee
Aberdeen, SD 57401                   230 S Phillips Ave, Suite 502
                                     Sioux Falls, SD 57104-6321


Taylor Tomelyn Lee                   Tobin Thomas M.
1119 N. Washington St.               PO Box 1456
Aberdeen, SD 57401                   Aberdeen, SD 57402-1456
```